UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) No. 3:19-CV-0123 | |
| v. ) | |
| ) | |
| OAKLEY PHARMACY, INC., d/b/a ) | |
| DALE HOLLOW PHARMACY; ) | |
| CLAY COUNTY XPRESS PHARMACY, LLC; ) | |
| THOMAS WEIR; MICHAEL GRIFFITH; ) | |
| JOHN POLSTON, and LARRY LARKIN, ) | |
| ) | |
| Defendants. ) **UNDER SEAL** | |

## TEMPORARY RESTRAINING ORDER

The United States has moved *ex parte* for a temporary restraining order issuing without notice to the adverse party and a preliminary injunction. In support of its motion, the United States has submitted a memorandum of law, as well as supporting affidavits and exhibits. Upon consideration of the motion and supporting documents under the standards in Federal Rule of Civil Procedure 65(b), Local Rule 65.01, and the Controlled Substances Act, 21 U.S.C. §§ 843(f) and 882(a), the Court FINDS:

1. The United States has demonstrated that Defendants Oakley Pharmacy, Inc. (d/b/a Dale Hollow Pharmacy); Xpress Pharmacy of Clay County, LLC; Thomas Weir; Michael Griffith; John Polston, and Larry Larkin violated the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 829, 841(a)(1) and 842(a)(1).

2. The United States also has demonstrated that advance notice to Defendants will result in immediate and irreparable injury, loss, or damage, namely: (a) harm to Defendants'

customers from Defendants' continued unlawful distribution and dispensation of controlled substances; and (b) the potential destruction of evidence related to Defendants' CSA violations.

3. Injunctive relief to prevent further CSA violations by Defendants and to protect the public is authorized by 21 U.S.C. §§ 843(f) and 882(a).

4. Defendants will continue to violate the CSA unless a temporary restraining order is issued.

5. The conditions for granting a temporary restraining order under Federal Rule of Civil Procedure 65(b) and 21 U.S.C. §§ 843(f) and 882(a) are therefore met.

Based on these findings, it is hereby ORDERED that:

A. The United States' *ex parte* Motion for a Temporary Restraining Order and Preliminary Injunction is GRANTED without notice to Defendants. Pursuant to Federal Rule of Civil Procedure 65(b)(2), this Temporary Restraining Order was issued on February 7, 2019, at 11:40 AM. This Temporary Restraining Order shall expire on February 21, 2019, unless it is extended by the Court for good cause shown or the Defendants consent to a longer extension.

B. The United States shall have permission to serve a copy of this Order on Defendants on the same date when the United States executes search warrants at the two Defendant pharmacies.

C. Defendants, their officers, agents, servants, employees, and attorneys, and any and all other persons who are in active concert or participation with them who receive actual notice of this Order:

    a. are temporarily restrained and enjoined from directly or indirectly distributing, dispensing, or possessing with the intent to distribute or dispense, any

controlled substances as defined and identified in 21 U.S.C. §§ 802(6) and 812, and 21 C.F.R. §§ 1308.11 – 1308.15;

b.  shall surrender all controlled substances in their possession, custody, or control to agents or investigators of the U.S. Drug Enforcement Administration ("DEA") immediately upon service of this Temporary Restraining Order.  DEA shall maintain any controlled substances surrendered by Defendants pending further order of this Court; and

c.  are temporarily restrained and enjoined from altering, deleting, destroying, mutilating, or transferring any record within their possession, custody, or control related to the distribution or dispensation of controlled substances.

D. This matter is set for a preliminary injunction hearing on February 21, 2019, at 3:00 PM.

It is so ORDERED.

_____
United States District Judge