IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-00009 |
| v. ) | JUDGE TRAUGER |
| ) | |
| OAKLEY PHARMACY, INC., d/b/a ) | JURY DEMAND |
| DALE HOLLOW PHARMACY; *et al.*, ) | |
| ) | |
| Defendants. ) | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

The Plaintiff United States has filed a Complaint for Declaratory and Permanent Injunctive Relief and Civil Penalties under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and for False Claims Act relief under 31 U.S.C. § 3729, *et seq.*, against Defendant Michael Griffith ("Griffith") and others. (ECF No. 1.) The United States and Defendant Griffith (the "Parties") stipulate to the entry of this Consent Judgment and Permanent Injunction ("Order") to resolve the claims alleged in the Complaint against Griffith. The Parties have informed the Court of the following:

## PARTIES

1. Plaintiff is the United States of America.

2. Griffith was the pharmacist-in-charge of Xpress Pharmacy of Clay County, LLC ("Xpress"), in Celina, Tennessee and was responsible for the filling of prescriptions for controlled substances at Xpress at relevant times. Griffith resides in Mt. Juliet, Tennessee and is licensed to practice pharmacy by the State of Tennessee.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 21 U.S.C. §§ 842(c)(1)(A) and 882(a), 28 U.S.C. §§ 1331, 1345, 1355, and 1367(a), and 31 U.S.C. §§ 3730(a) and 3732(b). For purposes of this Order, Defendant consents to this Court's subject matter and personal jurisdiction.

4. Venue is proper in the Middle District of Tennessee under 21 U.S.C. §§ 842(c)(1)(A) and 843(f)(2), 28 U.S.C. §§ 1395(a) and 1391(b), and 31 U.S.C. §§ 3730(a) and 3732(b). For purposes of this Order, Griffith consents to venue in this judicial district.

5. For purposes of this Order, Griffith agrees that the Complaint states claims upon which relief can be granted under the Controlled Substances Act and the False Claims Act.

6. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the Parties have reached a settlement of this matter, including the terms set forth below. The Parties recognize, and by entry of this Order the Court finds, that this Order is fair, reasonable, and in the public interest.

## ORDER

In view of the foregoing, and based on the Parties' consent, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Judgment is hereby entered in favor of the United States and against Defendant Griffith in the amount of $2,000.00 (the "Civil Penalty Amount"), plus an agreed criminal forfeiture amount, the terms of which are separately set forth in a previously agreed to criminal plea agreement and which are incorporated herein. Griffith shall pay the Civil Penalty Amount to the United States within seven (7) days from the date of entry of this Order. This payment will be in the form of an electronic funds transfer in accordance with written instructions to be

provided by the United States Attorney's Office for the Middle District of Tennessee.

2. The following shall apply to the Civil Penalty Amount:

a. None of the Civil Penalty Amount is restitution;

b. The Civil Penalty Amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act, of 1990, 28 U.S.C. §§ 3001-08, and nothing in this Order precludes the United States from taking action to collect the debt as authorized by law; and

c. The United States agrees to waive pre-judgment interest on the Civil Penalty Amount.

3. Griffith is hereby permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a), from the date when this Order is signed, through March 1, 2038, from, directly or indirectly, administering, dispensing, distributing, or possessing with the intent to distribute, any controlled substance. For purposes of this Order, the terms "administer," "controlled substance," "dispense," and "distribute" are defined as set forth in 21 U.S.C. § 802.

4. Griffith shall not apply for or seek renewal of a DEA registration, whether on his own behalf or on behalf of any other corporate entity, until at least March 1, 2038.

5. Griffith shall not apply for or seek renewal of a controlled-substances registration from DEA, whether on his own behalf or on behalf of any other corporate entity, until at least March 1, 2038. If Griffith does apply for or seek renewal of a controlled substances registration after March 1, 2038, there is no guarantee that DEA will grant him another DEA registration.

6. Griffith shall relinquish his license to practice pharmacy from the Tennessee Board of Pharmacy and shall not apply for or seek the renewal or reinstatement of a license or certificate to practice pharmacy anywhere in the United States until at least April 30, 2038. If Griffith applies for another license to practice pharmacy from the Tennessee Board of Pharmacy

or another State Board of Pharmacy after March 1, 2038, there is no guarantee that Griffith's application for a new license or reinstatement will be granted.

7. Griffith agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement. Griffith further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in his possession, custody, or control concerning any investigation of the Complaint that he has undertaken, or that has been performed by another on his behalf.

8. Griffith warrants that he freely and voluntarily enters into this Order without any duress or compulsion and upon the advice of legal counsel, and the undersigned counsel represent and warrant that they are fully authorized to execute this Order on behalf of the persons and entities indicated below.

9. The United States District Court for the Middle District of Tennessee retains exclusive jurisdiction to enforce or modify this Order, and for the purpose of granting such additional relief as may be necessary or appropriate.

It is so ORDERED.

_____
ALETA A. TRAUGER
United States District Judge

4

Case 2:19-cv-00009 Document 64 Filed 02/18/22 Page 4 of 5 PageID #: 309

APPROVED FOR ENTRY:

For the United States:  BRIAN M. BOYNTON
Acting Assistant Attorney General,
Civil Division

MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

By:  s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE, B.P.R. #023133
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Facsimile: (615) 401-6626
Email: ellen.bowden2@usdoj.gov

ROSS GOLDSTEIN
DONALD R. LORENZEN
U.S. Department of Justice
Civil Division
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
Tel: (202) 514-9401
Email: ross.goldstein@usdoj.gov

For Defendant Michael Griffith:  By:  s/ L. Wells Trompeter
JENNIFER WEAVER
L. WELLS TROMPETER
Waller Lansden Dorth & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Email: jennifer.weaver@wallerlaw.com
Email: wells.trompeter@wallerlaw.com